Opinion delivered May 25, 1886.

[No. 3902.]

## J. A. ALEXANDER v. THE STATE.

1. FORMER JEOPARDY—AUTREFOIS ACQUIT—CASE STATED.—Separate indictments charged the accused with the theft of two horses, one the property of J. S., and one the property of B. H. S. On his trial for the theft of the J. S. horse he was acquitted. On this trial for the theft of the B. H. S. horse, the accused, by special plea of former jeopardy and acquittal, set up that the taking of the two horses was but one and the same transaction, and that his acquittal of the theft of the J. S. horse was an acquittal of the theft of the B. H. S. horse, and a bar to a prosecution in this case. His plea set up that his proof showed on his first trial, and would show on this trial, that the "said horses, belonging to the said J.

S. and B. H. S. respectively, were taken at the same time and from the same neighborhood, though they were about a mile apart," etc.  The State filed special exceptions to the plea, to the effect that the two indictments were for separate offenses, the owners of the alleged stolen property being different persons; that the plea showed upon its face that the horses were taken at different times and from different places, and could not, therefore, be the same or a single transaction; and that said plea failed to charge, in terms, the identity of defendant as the party prosecuted in the two cases.  *Held,* that in sustaining the exceptions and striking out the defendant's plea the trial court did not err.

2. SAME—THEFT.—When the evidence shows that the theft of animals of two different owners was perpetrated in a single transaction, the conviction of the accused of the theft of the animal of one of the alleged owners will, upon the doctrine of autrefois convict, and the doctrine of carving, operate to bar a prosecution for the theft of the animal of the other. But, being charged in an indictment of the theft of cattle of one of the owners, and tried and acquitted upon that indictment, the plea of autrefois acquit is not available in a prosecution upon another indictment charging the theft of the animal of the other owner, notwithstanding the transaction be the same, and the evidence identical; for, whilst the evidence might have been insufficient in the first instance, it might well be all sufficient in the last instance.

3. PRACTICE.—Note the opinion for the disapproval by this court of the practice of prosecuting counsel in propounding irrelevant and impertinent questions to witnesses for the purpose of prejudicing the jury against the accused, and the suggestion that, in certain cases, such questions, though disallowed, may work such prejudice as to demand a reversal of a conviction.  But note this case for questions which, though not relevant or pertinent, are held not to operate such prejudice.

4. SAME—EVIDENCE—CHARGE OF THE COURT.—It is not competent for the State, in a trial for theft, to prove the theft of other property at the same time and place as the property in question, unless and except such proof conduces to establish identity in developing the *res gestæ,* or to prove the guilt of the accused by circumstances connected with the theft, or to show the intent with which the accused acted with respect to the property for the theft of which he is on trial.  And when such proof is admitted for either of the legitimate purposes indicated, the charge of the court must apprise the jury of the purpose of the proof.  Being deficient in this respect, the charge of the court in this case is insufficient, and the conviction is therefore set aside.

APPEAL from the District Court of Parker.  Tried below before the Hon. R. E. Beckham.

The conviction in this case was for the theft of a horse, the property of B. H. Smith, in Parker county, Texas, on the twenty-eighth day of April, 1885.  A term of five years in the penitentiary was the penalty awarded the appellant.

Scott v. The State, the companion case to this, will be found reported on page 325 of the nineteenth volume of these Reports. All of the facts established by the State in Scott's case were established in this case by the same witnesses, except the witness Hubbard, who was not sworn upon this trial. The State, upon this trial, produced two additional witnesses, but established no material additional fact.

In addition to the defensive evidence adduced upon the trial of Scott, the defense in this case introduced the witness Lewis Alexander, the father of the defendant, who testified, in substance, that he was living in Jack county in April, 1885, and that Scott and the defendant were at, and stayed at his house all of the night of April 28, 1885.

The motion for new trial raised the questions discussed in the opinion.

*Hood, Lanham & Stephens,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to that of Scott v. The State, 19 Texas Court of Appeals, 325. On the night of the twenty-eighth of April, 1885, two horses were stolen, one belonging to B. H. Smith, and the other to Jack Shadle. Separate indictments were found against this appellant for the theft of each horse. On his trial for the theft of the Shadle horse, he was acquitted. On the trial, in this case, for the theft of the Smith horse, he set up, by special plea of former jeopardy and acquittal, that the taking of the two horses was but one and the same transaction, and that his acquittal for the theft of the Shadle horse was an acquittal and a bar to a further prosecution in this case. His plea alleged that the proof on the first trial showed, and this trial would show, "that said horses, belonging to said Shadle and Smith respectively, were taken at the same time and from the same neighborhood, though they were about a mile apart," etc.

Special exceptions to the plea were filed by the county attorney in substance to the effect that the two indictments were for separate offenses, the owners of the alleged stolen property being different persons; that the plea showed upon its face that the horses were taken at different times and from different places, and could not, therefore, be the same or a single transaction, and

that said plea failed in terms to charge the identity of defendant as the party prosecuted in the two cases. These exceptions to the plea were sustained by the court, and it was stricken out. We find no error in this ruling. (Hozier v. The State, 6 Texas Ct. App., 542; Simms v. The State, 9 Texas Ct. App., 338.)

His plea, it will be noted, was former acquittal, not former conviction. The distinction between these two pleas, and their nature and effect, have been defined in more than one instance by this court. In Wright v. The State, 17 Texas Court of Appeals, 152, it was held that "when the evidence shows that the theft of animals of two different owners was perpetrated in a single transaction, *the conviction* of the accused of the theft of the animal of one of the said owners will, upon the doctrine of *autrefois convict*, and the doctrine of carving, operate to bar a prosecution for the theft of the animal of the other. But being charged in an indictment with theft of the cattle of one of the owners, and tried and acquitted upon that indictment, the plea of *autrefois acquit* is not available in a prosecution upon another indictment charging the theft of the animal of the other owner, notwithstanding the transaction be the same and the evidence identical; for, whilst such evidence might have been insufficient in the first instance, it might well be all-sufficient in the last instance." It seems to us that the reason for the rule is made so plain in Wright's case that it needs no further amplification.

Several exceptions were taken to the action of the county attorney in asking questions of the witnesses purposely with a view of prejudicing the defendant in the eyes of the jury, on account of irrelevant and impertinent matters. As soon as these irrelevant and impertinent questions were objected to, the objections were promptly sustained by the court, and the evidence was not admitted. The complaint is that, though the evidence was not admitted, still, the act of the county attorney, in knowingly and persistently propounding such illegal questions, with the purpose of prejudicing the jury, was calculated to and did inflict a wrong upon defendant which was irreparable. If the motives attributed to the county attorney be correct, his conduct is certainly most reprehensible, and we can well imagine that there might be circumstances in which the prejudice or injury occasioned by such conduct would afford ample ground for a reversal of a judgment of conviction. In this case we can not say the error goes to that extent. It certainly was not pertinent

to this case to show that Scott had forfeited his recognizance in the case pending against him; nor did it matter in the slightest degree, so far as defendant's guilt in this case was concerned, that he had been seen by the witness Howard, "in the jail of Parker county, playing cards." As stated above, the learned judge promptly sustained defendant's objections to these questions, and whilst the matter complained of is objectionable and erroneous, we can not say that in this particular it has gone to the extent of showing reversible error.

There is one error assigned, however, which necessitates a reversal of this case. On the trial, evidence was admitted as to the theft of the Shadle horse. Under the facts developed this evidence was admissible, but the charge of the court does not guard it against improper use and effect by the jury. The rule is that "in a trial for theft it is not competent for the State to prove the theft of other property at the same time and place as the property in question, unless and except such proof conduces to establish identity in developing the *res gestæ*, or to prove the guilt of the accused by circumstances connected with the theft, or to show the intent with which the accused acted with respect to the property for the theft of which he is on trial. And when such proof is admitted for either of the legitimate purposes indicated, the charge of the court must apprise the jury of the purpose of the proof." (Kelley v. The State, 18 Texas Ct. App., 262; Holmes v. The State, 20 Texas Ct. App., 509.) Without an instruction from the court explaining and properly limiting such testimony, its effect upon the jury may have an illegitimate and undue weight in producing or affecting their verdict.

For error in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*