### John Heitman v. The State.

No. 10095.     Delivered February 2, 1927.

1.—Manufacture of Intoxicating Liquor—Statement of Facts—When Not Authenticated—Not Considered.

A statement of facts must be authenticated by the trial judge, to be considered by this court. The document endorsed "statement of facts" in this record, not being approved by the trial judge, will not be considered.

2.—Same—Search Warrant—Held Sufficient.

Where appellant complains of the sufficiency of a search warrant, in that the premises searched was a private residence, and that the affidavit was made by but one affiant, and the bill of exceptions presenting the matter is qualified by the trial judge with the statement that the premises searched was not a part of the residence but was an outhouse and was being used only for the purpose of manufacturing intoxicating liquor, as qualified, the bill shows no error, and the judgment is affirmed.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — Manufacturing intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for one year.

The document indorsed "statement of facts" is not authenticated by the trial judge and for that reason cannot be considered.

There are several bills of exceptions addressed to the receipt in evidence of the testimony of the officers touching the result of a search made upon the premises of the appellant. The only attack upon the search warrant which it is deemed necessary to notice is that in which complaint is made that the search intended and made was of a private dwelling and that it does not conform to the statute (Art. 691, P. C. 1925), in that the affidavit was made by but one affiant. The testimony was to the effect that a still in operation and in the manufacture of intoxicating liquor was found in a little house adjacent to the residence of John Heitman. As stated above, we cannot consider the statement of facts for the reason that it is not authenticated and we are, therefore, not informed, save as shown by the bills of exceptions, to what use the premises were put. Appended to each of the bills is an explanation or qualification by the trial judge. These bills were accepted in this form, and the qualification is in the following language:

"The little house where the still was found was not part of the residence and was being used for the purpose of manufacturing intoxicating liquor, a purpose other than as a private residence."

In this state of the record, we are not in a position to say that the warrant was issued or executed in violation of the statute mentioned. To search premises other than a private dwelling, the search warrant may be based upon the affidavit of one witness.

From what has been said, it follows that the bills do not show that the evidence of which complaint is made was improperly received.

The judgment is affirmed.

*Affirmed.*