### YANCEY STORY V. THE STATE.

No. 10597.    Delivered May 18, 1927.

Rehearing denied June 15, 1927.

1.— Robbery  With  Firearms — Search  Warrant — Affidavit  For — Held Sufficient.

Where an affidavit for a search warrant described the premises as the private residence, barns, outhouses, and premises situated about eleven miles south of the City of Denton, on the west side of the Fort Worth and Denton public highway, and known as the Litsey place, same was sufficient. See Wilson v. State, 290 S. W. 1103.

2.—Same—Evidence—Of Other Offenses—Erroneously Admitted.

Where, on a trial for robbery, the state was permitted to prove by

witness Hampton that he lost a night watchman's clock similar in all respects to that found in the seach of appellant's premises, during a bank robbery, at Sanger, Texas, on the night of March 11, 1925. The admission of this testimony was error.

### 3.—Same—Continued.

Proof of extraneous offenses alleged to have been committed by a defendant, when such proof does not show intent, system or is not res gestae, is erroneous. The testimony of the witness Hampton, supra, did not fall within any of the exceptions named. See Weathered v. State, 272 S. W. 471, and other cases cited.

### 4.—Same—Continued.

And so it was also error to permit proof of the finding and identification of certain coins, in the search of appellant's premises, which were stolen from the Ponder State Bank, when said bank was robbed on April 25, 1925.

### 5.—Same—Cross-examination Effort to Impeach—Improper.

Where the state was permitted to prove on cross-examination of a defense witness, that said witness had formerly worked for appellant's brother, and had been a witness for his brother, when the latter was charged with a murder committed in January 29, 1925. This evidence was not admissible to impeach the witness, and should have been excluded.

### 6.—Same—Charge of Court—Erroneous.

Where the court had admitted evidence of appellant's connection with two other robberies, it was error for the court to instruct the jury that they could consider said testimony in passing upon the guilt of appellant on the charge for which he was then being tried.

### 7.—Same—Evidence—Hearsay—Improperly Admitted.

Where a witness for the state had testified that about 3:30 p. m., on the date of the robbery, he saw appellant and another party, about half a mile from Krum (the place of the robbery) going in the direction of said town in an automobile, it was error to permit witness to further testify to a remark of his son, made as the automobile passed.

### 8.—Same—Swearing the Jury—Rule Stated.

It was error for the court to refuse to have each individual juror sworn when accepted, and in sending them off into a room, without being sworn until the panel was completed. The statute requires that the court, in capital cases, shall swear each juror individually when selected. See Art. 622 C. C. P. and Rippey v. State, 29 Tex. Crim. App. 37.

### 9.—Same—Evidence—Improperly Admitted.

It was error to permit the state to introduce some coins, which had been identified as those taken in another robbery, such evidence tending to establish appellant's guilt of an extraneous offense.

**10.—Same—Search Warrant—Distinction Drawn Between Liquor and other cases.**

On rehearing by the state, the court is constrained to agree that our original opinion construing the search warrant, is in error. Art. 691 P. C., is applicable to searches made of a residence to discover and seize liquor. The search warrant obtained and executed in the instant case, was for the purpose of discovering and seizing stolen property.

**11.—Same—Extraneous Offense—Rule Stated.**

In passing upon the admissibility of other offenses, such evidence should be excluded, unless the matter pertaining to the extraneous crime be a circumstance, material in itself, to the making out of the case on trial, in which event it would be admissible, regardless of whether it established an extraneous offense or not. See collation of authorities in opinion on rehearing.

**12.—Same—Charge of Court—On Extraneous Offenses—Improper.**

We cannot agree with the criticisms of the state directed to our original opinion condemning the charge of the court on extraneous offenses proven. A charge in almost the same language was condemned in Denton v. State, 42 Tex. Crim. Rep. 431.

Appeal from Criminal District Court No. 2 of Dallas County, on a change of venue from Denton County. Tried below before the Hon. C. A. Peppin, Judge.

Appeal from a conviction for robbery with fire arms, penalty 99 years in the penitentiary.

The opinion states the case.

*Alex Pope, Jed C. Adams* of Dallas, *McLean, Scott & Sayers* of Fort Worth for appellant.

*Elbert Hooper,* County Attorney of Denton County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of robbery with firearms, and his punishment assessed at 99 years in the penitentiary.

The record discloses that the appellant was charged by indictment in the district court of Denton County with unlawfully and wilfully assaulting A. H. Knox and putting the said Knox in fear of life and bodily injury by using and exhibiting firearms, and with fraudulently taking from the person and possession of the said Knox $3,037.00 in money, certain Liberty Bonds, United States Treasury Savings Certificates, etc. The venue being

changed, appellant was tried and convicted in the Criminal District Court No. 2 of Dallas County. It appears from the record that A. H. Knox was cashier of the Farmers and Merchants State Bank in the town of Krum, Texas; that about 3:40 p. m. on the date of the alleged offense, two masked persons entered said bank with drawn pistols; that one of the robbers held a pistol on the cashier Knox, the assistant cashier Rucker, and the bookkeeper Barhold, while the other robber entered the vault and took possession of the money and other valuables mentioned in the indictment; and that both of the robbers then left the bank, entered a waiting automobile and drove rapidly away. This robbery occurred on June 9, 1925.

On August 24, 1925, Tom R. Hickman, a ranger, made affidavit before justice of the peace Boyd and obtained a search warrant to search the private residence, barns, outhouses and premises situated about 11 miles south of the city of Denton, on the west side of the Fort Worth and Denton public highway, and known as the Litsey place, alleged to have been in the possession of Yancey Story and to have been occupied by G. C. Sewell, a negro man whose name was unknown, and a white man by the name of Jack Hawthorne. The affidavit alleged that certain stolen goods and property, describing them, were concealed on said premises. Hickman and other officers took the search warrant on the date of issuance, made a search of the premises, and took in their possession one watchman's clock, a safety deposit box containing papers, receipts and coins, an oxygen tank, automobiles, and many other articles, as set out on the return of said writ. Hickman and other officers testified to finding these articles in and about a barn, under rocks, and at various other places on the premises.

It was the contention of the state that the appellant was one of the parties who robbed the Krum bank, and that the various articles found in the search and seized by the officers were stolen goods, some of which had been taken in other bank robberies and burglaries.

The appellant did not testify, but defended upon the ground of an alibi.

The record contains 26 bills of exception, the number of which precludes a separate and lengthy discussion of each bill. In bill No. 1 appellant complains of the action of the court in permitting the state to introduce in evidence the affidavit for search warrant, the warrant issued by the justice of the peace, the return thereon, and the testimony of the ranger Hickman as to what was found and seized under said search warrant. Appellant con-

tends that the affidavit failed to describe the property to be searched with proper accuracy; that there were several farms, private residences, barns and outhouses in that vicinity under the control of three or four different persons; that said affidavit was void; that said search warrant was not directed to the sheriff or other peace officer of the proper county, but directed to the sheriff of Denton County or any ranger of the state of Texas; that the ranger Hickman was not a peace officer within said county; that said search warrant was issued without any judicial determination showing probable cause—and many other objections. Appellant takes the position that by reason of the alleged defects in the affidavit and search warrant the search was unlawful and in violation of the constitution and laws of this state, and that the court erred in admitting the testimony obtained as a result of said search. We are of the opinion that the affidavit and warrant sufficiently described the premises in question and that the court committed no error in overruling this objection. Wilson v. State, 290 S. W. 1103.

This bill of exception, as presented, is insufficient to apprise this court as to whether or not the barn where most of the articles mentioned were seized was used in such connection with the private residence of the appellant as to bring it under Art. 691, P. C., which states in part:

"No warrant shall be issued to search a private dwelling occupied as such, unless some part of it is used as a store, shop, hotel or boarding house, or for some purpose other than a private residence, or unless the affidavits of two credible persons show that such residence is a place where intoxicating liquor is sold or manufactured in violation of the terms of this act."

However, it is unnecessary to discuss the point in view of the disposition we have made of the case, but if the testimony upon another trial should show that this evidence falls within the terms of the above article, then the affidavit for search warrant, to be sufficient, would have to be made and signed by two credible persons. Heitman v. State, 290 S. W. 768.

In bills of exceptions 2 to 7, inclusive, and 25 complaint is made to the action of the court in permitting the several state's witnesses to testify concerning, and to the introduction in evidence of, certain articles found during the search of appellant's premises, it being alleged that the affidavit and search warrant were void and the admission of said evidence was therefore in violation of the constitution and laws of this state. What we have said relative to bill of exception No. 1 fully applies to these bills.

In bills 9 and 10 appellant complains of the action of the court in permitting the state to prove by the witness Hampton that he lost a night watchman's clock, similar in all respects to that found in the search of appellant's premises during a bank robbery at Sanger, Texas, on the night of March 11, 1925. The appellant objected to this testimony upon the ground that it was proving an extraneous crime other than that for which he was on trial, and that such evidence could only serve to inflame the minds of the jury against him and impress upon the jury the idea that he had been connected with or had engaged in the bank robbery at Sanger on March 11, 1925. The court qualifies this bill by stating that this case depended upon circumstantial evidence and that the testimony objected to was admitted for the purpose of identifying the appellant. We think the learned trial judge fell into error in the admission of this testimony. This court has frequently held that it is error to prove extraneous offenses alleged to have been committed by a defendant, when such proof does not show intent, system, identity, or res gestae. The testimony of the witness Hampton did not fall within any of the exceptions above named and was clearly inadmissible. Weathered v. State, 272 S. W. 471; McRae v. State, 275 S. W. 1067; Roark v. State, 276 S. W. 242; Berry v. State, 281 S. W. 1057; Walker v. State, 281 S. W. 1070.

In bills 11 and 12 complaint is made to the action of the court in permitting the state's witness, C. N. Skaggs, in his testimony, to identify certain coins found in the search of appellant's premises as being property which he had placed in the Ponder State Bank for safe keeping and which had been stolen when said bank was robbed on April 25, 1925. These bills show that the towns of Ponder and Sanger were several miles distant from Krum, although all were located in Denton County. Appellant objected to this testimony for the reason that it was a direct effort on the part of the state to charge appellant with another and different crime than that for which he was being tried, and that such testimony was highly prejudicial to appellant's rights. The court also qualifies these bills to the effect that the instant case depended upon circumstantial evidence, and that he admitted this testimony for the purpose of showing identity. The testimony complained of in these bills was clearly inadmissible. What we have said in discussing bills 9 and 10 is applicable to bills 11 and 12 also.

In bills of exception Nos. 13 and 14 appellant complains of the argument of the District Attorney, and to the action of the District Attorney in asking the witness Sullivan relative to his

having assaulted a certain girl, which question, upon appellant's objection, was ruled out by the court.  In view of the disposition we have made of this case, and the fact that the questions here presented are not likely to arise upon another trial, we do not deem it necessary to discuss these bills of exception.

Bill No. 15 complains of the action of the court in permitting the state, on cross-examination of Floyd McCullough, who had given testimony favorable to appellant, to ask him if he had not worked for Nathan Story, appellant's brother, and if he had not been a witness for Nathan Story when the latter was charged with a murder alleged to have been committed on January 29, 1925.  Appellant objected to this testimony on the ground that it was an improper way to impeach the witness, and that it was prejudicial to his rights.  The court certifies in this bill that Nathan Story was not a witness in the instant case and that said cross-examination and testimony was not in rebuttal to anything brought out by the appellant.  There is nothing in the record to show that the appellant had any connection with said offense. This testimony was inadmissible.

In bill No. 18 complaint is made to the following portion of the court's charge, relative to the admission of testimony involving the alleged bank robberies at Sanger and Ponder:

"You are instructed that if there is some evidence before you with reference to the bank at Ponder and at Sanger having been robbed some time prior to the alleged robbery of the Krum bank, to-wit, on the 9th day of June, 1925, and property taken from said banks and later discovered upon the premises of the defendant Yancey Story, then I instruct you that if you consider said evidence for any purpose at all, you can only consider it for the purpose of aiding you, if it does aid you, in determining whether or not the defendant is guilty of the charge alleged against him in this indictment in this case, and for no other purpose."

The appellant, at the proper time, objected to said portion of the charge upon the ground that it was on the weight of the evidence and emphasized the testimony introduced by the state relative to the bank robberies at Ponder and Sanger, and many other objections, including one to the effect that said charge was not a limitation upon said testimony in any respect.  We are of the opinion that the criticism urged to this portion of the charge is meritorious, and that the court erred in charging the jury that they could consider said testimony in passing upon the guilt of the appellant on the charge for which he was then being tried.

In bill No. 21 complaint is made to the action of the court in

permitting the state's witness, Roy Smith, after testifying that about 3:30 p. m. on the date of the alleged offense he saw appellant and another party about a half-mile from the town of Krum going in the direction of said town in an automobile, to testify that his son Clarence remarked to him, "That ain't Yancey Story; that's Ku Klux." Appellant objected to this testimony upon the ground that it was hearsay and was offered for the purpose of corroborating said witness in his identification of one of the parties in the car as being the appellant. The admission of this testimony was error. It was not proper to show the conversation between the witness and his son, under the facts of this case.

In bill No. 24 complaint is made to the action of the court in refusing to administer the oath to each of the jurors separately as they were accepted by the state and the appellant after the appellant had requested the court to do so, it appearing that the court, without swearing each juror as accepted, sent them off to a room as they were accepted until the panel was completed, then they were brought into court and sworn separately and again sworn collectively. This was error. The statute requires the court, in capital cases, to swear each juror individually when selected. Art. 622, C. C. P.; Rippey v. State, 29 Tex. Crim. App. 37.

In bill No. 26 appellant complains of the action of the court in permitting the state to introduce in evidence the coins identified by the witness Skaggs as belonging to him, it being contended that this was permitting the state to prove another and different crime than that for which the appellant was being tried, and that said evidence would have a tendency to impress the jury with the idea that appellant was involved in the robbery of the Ponder bank, and that same was prejudicial and harmful. This evidence was inadmissible. What we have said in discussing bills Nos. 9, 10, 11 and 12 is applicable to this bill.

For the errors above mentioned, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.

ON MOTION FOR REHEARING BY THE STATE.

LATTIMORE, JUDGE.—In the motion for rehearing by the state complaint is made of the following part of the original opinion.

"This bill of exception, as presented, is insufficient to apprise this court as to whether or not the barn where most of the articles mentioned were seized was used in such connection with the private residence of the appellant as to bring it under Art. 691, P. C., which states in part:

" 'No warrant shall be issued to search a private dwelling occupied as such, unless some part of it is used as a store, shop, hotel or boarding-house, or for some purpose other than a private residence, or unless the affidavits of two credible persons show that such residence is a place where intoxicating liquor is sold or manufactured in violation of the terms of this Act.'

"However, it is unnecessary to discuss the point in view of the disposition we have made of the case, but if the testimony upon another trial should show that this evidence falls within the terms of the above article, then the affidavit for search warrant, to be sufficient, would have to be made and signed by two credible persons. Heitman v. State, 290 S. W. 768."

We are constrained to agree with the state in its contention that this part of our original opinion was erroneous. The search warrant obtained and executed in the instant case was for the purpose of discovering and seizing alleged stolen property. We are of opinion that the terms of Art. 691, 1925 P. C., relate only to search warrants when the purpose of same is to discover and seize intoxicating liquors, or something pertaining to a violation of the liquor laws.

It is further insisted by the state that we were in error in holding inadmissible the testimony relating to the finding upon appellant's premises of a clock and of a quantity of coins which had been taken from places other than that involved in the robbery charged in the instant case, and at times rather widely separated from that of the instant robbery. We are not able to agree with the state's contention in this regard. Webb v. State, 8 Tex. Crim. App. 115; Hardin v. State, 8 Tex. Crim. App. 653; Fielder v. State, 40 Tex. Crim. Rep. 184, and Waters v. State, 94 S. W. 1038, are cited by the state as upholding the proposition that contemporaneous possession of other stolen property beside that described in the indictment, is a circumstance provable by the prosecution for the purpose of strengthening the inculpatory inference invoked from his possession of the alleged stolen prop-

erty involved in the particular case. It will be found that this principle appears to be a quotation from the syllabus of the opinion in the Webb case, supra. Full reading of the opinion shows said statement to be only partially true, as resting upon said holding.. Testimony was admitted in said case of the contemporaneous possession by the accused of certain alleged stolen horses, as therein stated, "on the ground that the supposed theft in Lamar County and that committed in Ellis County were parts of one transaction." Later in said opinion it is stated that it developed that the thefts were not parts of one transaction, but two separate transactions, and therefore the testimony of a different transaction than the one charged in the indictment, should have been excluded from the jury. We think each of the cases cited in the State's motion easily differentiated from the principle here contended for. Except for expressions not well founded in some isolated cases the rule stated by Judge Willson in Williams v. State, 24 Tex. Crim. App. 417, seems uniformly adhered to. Judge Willson says as follows:

"For the purpose of establishing identity in developing the res gestae, or to prove guilt by circumstances connected with the theft, or to show the intent with which the accused acted with respect to the property for which he is on trial, it is competent for the State to prove the theft of other property at the same time and place of the theft of the property in question. 'Willson's Tex. Crim. Laws, Sec. 1295.) But evidence of distinct thefts committed at other times and places than the theft in question is not relevant and is inadmissible. Such evidence does not serve legitimately to throw any light upon the particular theft for which the defendant is on trial. (Gilbraith v. The State, 41 Texas, 567; Ivey v. The State, 43 Texas, 425; Kelley v. The State, 18 Tex. Ct. App. 262; Alexander v. The State, 21 Tex. Ct. App. 406.)"

As supporting this rule see Conley v. State, 21 Tex. Crim. App. 495; Musgrave v. State, 28 Tex. Crim. App. 57; Crass v. State, 30 Tex. Crim. App. 482; Welhousen v. State, 30 Tex. Crim. App. 626; Nixon v. State, 31 Tex. Crim. Rep. 209; Schwen v. State, 37 Tex. Crim. Rep. 370. In the language of many authorities it would seem unquestionably true that to prove against one on trial for the commission of a crime, either by circumstances or by direct testimony, that he had on different and separate occasions committed crimes similar, would be to convince the jury in the particular case that he is a criminal generally, but unless the matter pertaining to the extraneous crime be a circumstance material in itself to the making out of the particular case, in

which event it would be admissible regardless of whether it established an extraneous offense or not, such testimony should not be admitted.

The State also insists that the charge was not wrong in which the learned trial judge attempted to limit the purpose for which evidence of extraneous offenses was admitted. The charge is set out in the original opinion, and in same the court told the jury pointedly that they could only consider such evidence of extraneous offenses for the purpose of aiding them, if it does aid them, in determining whether or not defendant is guilty of the charge alleged against him in the indictment in this case. A charge in almost the same language was condemned in Denton v. State, 42 Tex. Crim. Rep. 431.

The State's motion for rehearing is granted to the extent of holding incorrect that part of the original opinion above quoted, but by reason of the other errors rendering necessary a reversal of the case, the motion for rehearing is overruled.

*Overruled.*