**Robert J. MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42611.

Court of Criminal Appeals of Texas.

May 13, 1970.

Rehearing Denied July 15, 1970.

Joseph Abraham, Jr., Sal Rebe, El Paso, for appellant.

George Rodriguez, Dist. Atty., and Thomas F. Keever, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of marijuana; the punishment, 10 years (probated).

Both appellant's grounds of error relate to the sufficiency of the affidavit for the search warrant. Omitting the formal allegation, we quote from the body of the affidavit as follows:

"I, JUAN AGUIRRE, do solemnly swear that heretofore on or about the twentieth day of December, 1967, in El Paso County, Texas, one ROBERT J. MOORE did then and there unlawfully possess a narcotic drug, to-wit: Marijuana, and I do have good reason to believe and do believe that said narcotic drug is now concealed by ROBERT J. MOORE in the city of El Paso, El Paso

County, Texas, at 1106 Arizona, Apt. #5

\* \* \*

On Nov. 1st, 1967, affiant received reliable information that Marijuana and Dangerous Drugs were possessed by ROBERT J. MOORE at 1106 Arizona, Apt. #5. Affiant has received information from this informant on several occasions and on every occasion his information has proven to be true. On Nov. 19th, 1967, the same informant, whose name I do not wish to disclose, made a buy from ROBERT J. MOORE and it was sent to Dept. of Public Safety in Austin for analysis. On the 29th of Nov. 1967, we received the Chemist's report and it was determined that it was Dimethoxy Methyl-Amphetamine. Referred to as STP. At the time of the buy, it was learned that ROBERT J. MOORE had a roommate by the name of CARLOS ORTIZ and said CARLOS ORTIZ would sell the Narcotic or Dangerous Drugs when ROBERT J. MOORE was not available."

This affidavit was executed on December 30, 1967.

At the outset, we put to rest appellant's citation and reliance upon a number of liquor law violation cases by reference to the opinion of this Court in Williams v. State, 166 Tex.Cr.R. 368, 314 S.W.2d 308.

Appellant insists that the "buy" of STP by the informant on the 19th of November was not shown by the affidavit to have been made at appellant's apartment, which was later searched. We have concluded that it makes no difference where the "buy" was made from appellant; it constitutes a portion of the probable cause necessary to authorize the issuance of the search warrant. We have concluded that reliance upon Hall v. State, 171 Tex.Cr.R. 227, 347 S.W.2d 262, is misplaced as no date was set forth therein. Here, the date does appear. While the affidavit does not explain the reason for the delay in securing the warrant from November 29th until

December 30th, we do not conclude that such a failure vitiates the warrant. As to the delay in securing the search warrant, we quote from 100 A.L.R.2d 534 which states that "simultaneity is, of course, normally impossible, but just how long a time may be permitted to elapse without destroying the basis for a reasonable belief as to the continuance of the situation set forth in the affidavit will vary according to the facts of the individual case." In Smith v. State, 114 Tex.Cr.R. 315, 23 S.W.2d 387, this Court approved an affidavit which recited that the affiants received their information 30 days prior to the issuance of the search warrant. The record reflects that the officers received information that appellant was about to obtain a large quantity of marijuana; they were waiting until they secured a confirmation of such report before proceeding. On December 30th, they received the awaited information whereupon they secured the warrant within a few hours thereafter.

Appellant's reliance upon the opinion of the Eighth Circuit in Dandrea v. United States, 7 F.2d 861, and the opinion of the Sixth Circuit in Rupinski v. United States, 4 F.2d 17, both of which were decided in 1925, is not persuasive. Neither is authoritative in this court; both relate to searches for intoxicating liquor.

The record in Santos v. State, Tex.Cr.App., 389 S.W.2d 465, on remand from 380 U.S. 259, 85 S.Ct. 952, 13 L.Ed.2d 959, reflects that the affidavit which the Supreme Court found to be defective contained only the allegation that "affiants have secured reliable information from a credible person—that narcotics were kept at a certain apartment."

The state relies upon Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, and we agree.

Finding the affidavit sufficient and no reversible error appearing, the judgment is affirmed.

Judge ONION concurs in the results.