George Howard SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 45035.

Court of Criminal Appeals of Texas.

May 31, 1972.

Rehearing Denied July 19, 1972.

C. C. Divine, Houston, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

The appellant was convicted of possession of heroin and assessed a life sentence.

Initially, appellant challenges the sufficiency of the evidence to support his conviction.

The record reflects that Dallas City Police Officers executed a search warrant at 3701 Mallory Street in Dallas on June 5, 1970. While they were there, appellant drove up, took a black bag out of the trunk of the car he was driving and came into the house. Upon entering the house, he was taken into custody and searched for weapons. The black bag was shown to contain approximately 28 grams of heroin and various narcotic paraphernalia. The chain of custody of the contraband was established and the chemical analysis showed the substance to be heroin. The officers testified that appellant had fresh needle marks on his arm.

Appellant testified he came to Dallas from Louisiana on June 4, 1970 to look for used ambulances and hearses as his father was in the funeral home business and, also, he (the appellant) was planning to go into the ambulance business. He related that before playing golf with Leroy Moore of

Fort Worth on June 5th, he followed Moore to a tire company where Moore left his car for some repairs and that subsequently they went to a liquor store operated by a friend of Moore's. There he encountered a man known to him as "Little Will" whom he had met on a previous occasion in Dallas and in whose home he had visited. "Little Will" invited the appellant to spend the night in his home and then asked if the appellant would bring to his house a black bag containing a shaving kit so that his wife would not know he had spent the previous night with his girl friend. Appellant agreed and gave his car keys to "Little Will" who placed a black bag in the trunk of appellant's Lincoln Mark III automobile. After his golf game, appellant related he decided not to spend the night at "Little Will's" home, but, following directions given, drove to 3701 Mallory to return the shaving equipment bag where he was arrested.

At the time of the trial on March 10, 1971, he displayed his arms to the jury to show there were no needle marks or tracks, save a scar where his wife burned him with a cigarette while they were watching TV one night.

The jury was the judge of the credibility of the witnesses, and the evidence viewed in the light most favorable to the jury's verdict, is sufficient to sustain the conviction.

■ Appellant also claims the "search warrant is insufficient and the fruits of the search inadmissible." This contention is based on the fact that the affidavit, upon which the search warrant in question was issued, was not signed by two affiants, and the house involved was a private dwelling or residence. Appellant relies upon Article 666–20, Vernon's Ann.P.C. That statute, by its own terms, applies only to liquor law violations and can have no application in the instant case. See Williams v. State, 166 Tex.Cr.R. 368, 314 S.

W.2d 308 (1958), and Moore v. State, 456 S.W.2d 114 (Tex.Cr.App.1970).

An examination of the affidavit reflects a compliance with the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Appellant's claim that a police officer cannot be a "credible person" is totally without merit.

■ Appellant's remaining ground of error that he "was denied a fair and impartial trial and deprived of due process of law" does not ". . . set forth separately each ground of error of which the defendant desires to complain on appeal . . ."; nor does his brief present the matters contained therein ". . . in such (a) way as that the point of objection can be clearly identified and understood by the court. . . . ." See Article 40.09, § 9 Vernon's Ann.C.C.P. This multifarious ground of error presents nothing for review. See Green v. State, 474 S.W.2d 212 (Tex.Cr. App.1971); Langham v. State, 473 S.W.2d 515 (Tex.Cr.App.1971), and Burton v. State, 471 S.W.2d 817 (Tex.Cr.App.1971).

■ We do note that Officer Ball testified he had not prepared an "offense report" but had prepared what he termed a "prosecution report." After Ball had testified, such report was requested for the purposes of cross examination and possible impeachment. The court refused the request on the basis that the same was the "work product" of the State. See Article 39.14, Vernon's Ann.C.C.P. Here, after the witness testified, the "Gaskin Rule" (Gaskin v. State, 172 Tex.Cr.R. 7, 353 S. W.2d 467 (1962)), came into play and the court's reliance on the "work product" provision of Article 39.14, supra, was misplaced. However, the appellant, at no time, made a request to have such report incorporated in the appellant record for review by this court. See Leal v. State, 442 S.W.2d 736 (Tex.Cr.App.1969).

Finding no reversible error, the judgment is affirmed.