Van Douglas **BALDWIN**, Appellant,

v.

The **STATE** of Texas,, Appellee.

No. 45639.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Bradley C. Miles, San Angelo, for appellant.

Royal Hart, Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from a conviction for the sale of heroin. Punishment was assessed at fifteen years' confinement.

Four grounds of error are raised. The sufficiency of the evidence is not challenged.

An undercover agent for the Department of Public Safety testified that on February 2, 1970, he purchased four "shot papers" of heroin from appellant.

Appellant testified in his own behalf, admitting that at about the time in question he was a heroin addict, but that "he didn't recall" making this alleged sale to the undercover agent.

■ Initially appellant alleges that he was denied a speedy trial and due process, since the indictment was not returned against him until some six months after the alleged sale of heroin. (At one point the State countered that the delay was occasioned by a continuing investigation of narcotics traffic.)

Recently, there has been much discussion as to whether or not an accused may justly complain of a delay between the time of the alleged offense and when he is actually charged with the commission of a crime. Appellant cites several federal circuit court cases, including Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). Ross was reversed because "an unreasonably oppressive and unjustifiable time" passed before formal charges were brought against the defendant (seven months). However, other lower federal courts were directly in conflict with this doctrine. For example, the Fifth Circuit specifically held that any delay between commission of the crime and indictment is controlled by the applicable statute of limitations. Kroll v. United States, 433 F.2d 1282 (5 Cir. 1970) cert. denied, 402 U.S. 944, 91 S.Ct. 1616, 29 L.Ed.2d 112 (1971).

The Supreme Court of the United States recently held that the Sixth Amendment guarantee of a speedy trial has *no* application until the putative defendant becomes in some way an "accused." United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Also, the present appellant has made no showing of a denial of due process which would invoke protection under the Fifth Amendment.

Appellant next challenges the chain of custody relative to certain State's exhibits. The contested exhibits were empty "shot papers" which allegedly had contained the heroin purchased from appellant, an exhibit envelope used when the material was delivered to the chemist, and a mailing envelope used by the chemist to mail the exhibits to the district attorney's office for pretrial inspection purposes. Appellant's attorney had requested that the exhibits be returned from Austin for inspection. The postmark indicates that the package was mailed in Austin on September 3, 1970, but was not received in San Angelo until September 14, 1970.

■ This lapse of some eleven days is the basis for appellant's chain of custody argument. The materials enclosed had been initialled and dated as of the time of the sale of heroin and also when delivered to the chemist. These items were all positively identified by such markings. The material, already having been positively analyzed as heroin, was received in San Angelo, with no indication whatsoever that it had ever been lost or tampered with. No other postmarks were on the package which might have indicated a misrouting. The unexplained mail delay fails to support appellant's claim of a break in the chain of custody. His objection goes to the weight of the evidence, rather than its admissibility. Witt v. State, 475 S.W.2d 259, 261 (Tex.Cr.App.1972); Wright v. State, 420 S.W.2d 411 (Tex.Cr.App.1967). See Easley v. State, 472 S.W.2d 128 (Tex.Cr.App. 1971).

■■ In appellant's third ground of error, he alleges reversible error in that the defense was not provided with a copy of the offense report until 18 days prior to trial. The accused has an absolute right to have such a statement only where it has been used in some way before the jury by which its contents became an issue, such as

used by the witness in testifying to refresh his memory, or exhibited or read from or used to question the witness in the jury's presence. Zanders v. State, 480 S.W.2d 708 (Tex.Civ.App.1972). Appellant makes no such claim here, nor does the record reflect this. Further, the offense report is not included in the record before this Court. See Smith v. State, 481 S.W.2d 886 (Tex.Cr.App.1972); Bradshaw v. State, 482 S.W.2d 233 (Tex.Cr.App.1972); Hart v. State, 447 S.W.2d 944 (Tex.Cr. App.1970). The trial judge in his discretion allowed defense counsel a copy of the report a full 18 days prior to trial. No error is shown.

 Finally, appellant alleges that the indictment should have been quashed because, he contends, it was based upon hearsay evidence. We refer appellant to Carpenter v. State, 477 S.W.2d 22 (Tex. Cr.App.1972), wherein we dealt with this very question. The indictment is valid on its face and we will not go behind it.

Finding no reversible error, the judgment is affirmed.