Robert Lee BLACK, Appellant,

v.

The STATE of Texas, Appellee.

No. 47591.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

———◆———

Ray Montgomery, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

Appellant was indicted for the offense of robbery by assault. The jury found him guilty of the offense charged and assessed his punishment at confinement for a period of eight years.

At approximately one o'clock in the morning of February 2, 1972, Richard Butler, a plain-clothes security officer at the Warwick Hotel in Houston, was escorting Shirley Jobson, a telephone operator at the hotel, to her car parked on a side street near the hotel. While they were walking toward Miss Jobson's car on Ewing Street, another vehicle pulled up behind them, honked, but it was ignored by Butler. The car pulled up beside them and a man in the passenger's seat opened the car door slightly. From the dome light in the car, other lights on and near the street, Butler observed this man to be holding an object in his hand which Butler believed to be a pistol. Butler positively identified appellant as the man who then robbed him of his billfold containing at least one dollar.

As appellant reached for the wallet, he dropped the hand which Butler thought was holding the pistol. Butler then fired one shot downward into the car. The car then sped away with Butler firing three more shots as it did so. Butler testified that he thought that his first shot probably wounded the robber in the leg. Miss Jobson corroborated Butler in all respects, including positive identification of appellant as the robber. Both described the robber's car as being a green late model Cougar with a black vinyl top. When the robbers left the scene, Butler and Miss Jobson ran to the hotel, called the police immediately, and police arrived within fifteen minutes thereafter.

About 1:30 a. m. upon the same date, Glenn Querington, an attendant at Mercy Hospital in Houston, found appellant lying on the sidewalk outside the hospital door. He also observed a dark green Cougar automobile with a black vinyl top parked nearby and saw another black youth walking toward the car. That man told Querington that he was going to get appellant's mother. He drove off and has not been seen since.

Police Officer Robertson, also at the hospital entrance, testified that he first saw appellant while he was lying on the driveway to the hospital and observed the Cougar automobile nearby. He also testified that appellant had been shot in the left leg. While the officer was questioning the nurses and attendants at the hospital, he received a general broadcast over the police radio about a robbery which had taken place in the 1200 block of Ewing Street, the report giving a complete description of

the vehicle and of the persons wanted. He observed the car and appellant matched the description given in the broadcast. Appellant was placed under arrest, given his legal warning, and the officer proceeded to search appellant for weapons. He found no weapon but did find $23 in one of appellant's pockets. One of the dollar bills bore the word "Warwick" and the words "Room 29" thereon. This bill was introduced in evidence.

Upon cross-examination, Officer Robertson testified that appellant told him that he was walking down Cullen Street when someone shot him. Appellant did not testify nor did he offer any evidence upon the guilt-innocence stage of the trial.

■ The first ground of error brought forward complains that the trial court "erred in refusing appellant's requested charge *No. 2* on the defense of alibi." We find but one requested charge in the record, it being styled "*No. 1*", but other than being filed and overruled on June 13, 1972, there is no record showing that it was reduced to writing, presented to, and considered by the trial court before reading the charge to the jury. It is apparent that appellant has not shown compliance with Art. 36.15, Vernon's Ann.C.C.P. This article is mandatory and there must be strict compliance with its terms. Seefurth v. State, 422 S.W.2d 931, 935 (Tex.Cr. App.1967). In connection with his motion for an instructed verdict, appellant called the request to the attention of the court to the failure to charge on alibi. But, as said in Ross v. State, 486 S.W.2d 339, 340 (Tex.Cr.App.1972): "Objections to the court's charge dictated into the record do not preserve error."

■ Notwithstanding the ground of error is not properly presented, we find no error on the part of the trial court. Appellant was charged with the offense of robbery by assault; the meager evidence from the police officer that appellant told him that he was shot on Cullen Street, even if taken as being positive evidence of

such fact, did not raise the issue of alibi; i. e., that appellant was not on Ewing Street when he robbed the complaining witness. Windham v. State, 162 Tex.Cr.R. 580, 288 S.W.2d 73 (1956). Proof that appellant was shot on Cullen Street, if the officer's statement establishes such fact, was not inconsistent with the State's evidence that at another time he was on Ewing Street committing robbery in the presence of Mr. Butler and Miss Jobson. Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627, 637 (1958). See also, Roberts v. State, 400 S.W.2d 903, 904 (Tex.Cr. App.1966). Ground one is overruled.

■ The second ground urged is multifarious and in violation of the positive requirement set out in § 9, Art. 40.09, V.A. C.C.P. Appellant has included in this single ground complaints: (a) the dollar bill with "Warwick" thereon, offered in evidence by the State, was obtained as the result of an illegal arrest and search made without probable cause; (b) that there was no evidence that the particular dollar bill found in his possession by the officer was taken from Mr. Butler; (c) it was an attempt to "bolster" the testimony of Mr. Butler and Miss Jobson who had positively identified appellant as the robber under poor lighting conditions, etc.

It is clearly settled, by a long line of authority, that a multifarious ground, not in compliance with the statute, presents nothing for review. See, e. g., Burton v. State, 471 S.W.2d 817, 821 (Tex.Cr.App.1971); Smith v. State, 481 S.W.2d 886, 888 (Tex. Cr.App.1972); Battiste v. State, 485 S.W. 2d 781, 782 (Tex.Cr.App.1972).

■ We have, nevertheless, reviewed the record and find no merit to the contentions now urged in this second ground of error. The officer, having received information of the robbery including a description of appellant and the car in which he was riding, was authorized to arrest appellant without a warrant and the search incident thereto was legal. Tunnell v. State, 168 Tex.Cr.R. 358, 327 S.W.2d 590, 593

(1959); Price v. State, 410 S.W.2d 778, 779 (Tex.Cr.App.1967). Nor was the inability of the complaining witness to identify the particular dollar bill any impediment to its introduction. It was but a circumstance bearing on the guilt of the appellant. With two witnesses positively identifying appellant as the man who robbed Mr. Butler, the receipt of this single dollar bill in evidence could not have been prejudicial error of sufficient gravity to warrant reversal of the cause. Ground two is overruled.

By his third ground of error, appellant complains that the trial court erred in admitting the testimony of Officer Robertson regarding his reasons for arresting appellant. The careful trial judge permitted the officer to testify only that he had heard a general broadcast over the police radio about a robbery on Ewing Street which gave a detailed description of one of the participants and the automobile in which he was riding. The descriptions so given fitted appellant. He was not permitted to relate the contents of the report. In Johnson v. State, 379 S.W.2d 329, 331 (Tex.Cr.App.1964), an identical contention was found to be without merit. See also, Morris v. State, 411 S.W.2d 730, 733 (Tex.Cr.App.1967). For the reasons stated, ground three is overruled.

Finally, appellant claims that it was error to admit the dollar bill in evidence because the State had failed to show the "proper chain of custody" thereof. Officer Robertson testified that after he took the bill from appellant, he placed it in an envelope which he then placed in the property room at the police station from which he obtained it on the morning of the trial. There was no cross-examination on the point and there is no suggestion in our record that the exhibit had been tampered with or otherwise changed. Under such circumstances, error is not shown. Appellant's objections went to weight rather than the admissibility of the evidence.

Witt v. State, 475 S.W.2d 259, 261 (Tex. Cr.App.1971); Baldwin v. State, 490 S.W. 2d 583, 584 (Tex.Cr.App.1973).

Finding no reversible error, the judgment of the trial court is in all things affirmed.

Opinion approved by the Court.