

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00300-CR
_____

ANTHONY ALLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2017-411,914; Honorable Jim Bob Darnell, Presiding

March 21, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain, Appellant, Anthony Allen, pleaded guilty to possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams, a first degree felony.[1]  In accordance with the terms of that agreement, the trial court assessed his sentence at confinement for a period of fifteen years.  By a single

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017).

issue, Appellant contends the trial court erred in denying his motion to suppress because the affidavit in support of the warrant lacked both reasonable suspicion and probable cause. We affirm.

BACKGROUND

With the assistance of two confidential informants, Officer Daniel Merritt executed an affidavit in support of a search warrant for Appellant's motel room. On the same day the warrant was issued, police officers arranged a controlled buy involving one of the confidential informants. After the transaction occurred in a business parking lot, police officers followed Appellant back to his motel where they executed the search warrant and found methamphetamine.

After he was indicted, Appellant filed a pretrial motion to suppress challenging the search of his motel room. Specifically, he asserted that Officer Merritt's affidavit in support of the search warrant lacked both reasonable suspicion and probable cause.

In support of the motion to suppress, Appellant filed his *Brief in Support of Defendant's Motion to Suppress*. Appellant's arguments included claims that (1) one of the confidential informant's information was stale, (2) the information was not independently corroborated, (3) the informants were not reliable and credible, and (4) Officer Merritt's affidavit contained conclusory recitations. The *Brief in Support of Defendant's Motion to Suppress* referenced portions of Officer Merritt's affidavit; however, his affidavit was not included as an exhibit to either the motion to suppress or the brief in support thereof. Nor was the affidavit a matter of record in Appellant's case.

2

The State answered the motion to suppress with its response. Arguing the "totality of the circumstances," the State claimed that the information from both confidential informants should be considered and that Officer Merritt's affidavit contained corroboration of the information. The State responded to Appellant's "stale" argument by citing to *Moore v. State*, 456 S.W.2d 114, 115 (Tex. Crim. App. 1970) (noting that delay between informant's information and securing a warrant does not vitiate the warrant but varies according to the facts of the individual case). After reviewing "the briefs submitted by the parties," the trial court denied Appellant's motion by written order.

APPLICABLE LAW

The United States Constitution and the Texas Constitution provide that a search warrant must be based on probable cause supported by oath and affirmation. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. To support a search warrant, an affidavit must contain sufficient facts to satisfy the issuing magistrate that probable cause does in fact exist for the warrant's issuance. TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2018).

A reviewing court looks to the "totality of the circumstances" regarding the facts contained in the affidavit and gives great deference to the magistrate's probable cause determination as long as he had a "substantial basis" of doing so. *Illinois v. Gates*, 462 U.S. 213, 236-37, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). As a reviewing court, we are to ensure that the magistrate had a substantial basis for his conclusion. *Id.* at 238. In reviewing the sufficiency of an affidavit in support of a search warrant, we are limited to the four corners of the affidavit. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992).

3

Generally, probable cause to issue a search warrant exists where the affidavit in support thereof, viewed in a "commonsensical and realistic manner," demonstrates that "under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location." *State v. McLain*, 337 S.W.3d 268, 271-72 (Tex. Crim. App. 2011). It is a flexible, non-demanding standard. *Id.* When a search warrant affidavit is supported by information from a confidential informant, the informant's credibility may be established by the affiant's statement that the informant has provided true and correct information in the past. *Dixon v. State*, 206 S.W.3d 613, 616-17 (Tex. Crim. App. 2006).

PRESERVATION OF ERROR

Preservation of error is a systemic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). Arguments challenging the sufficiency of warrant affidavits may be waived if not properly preserved. *See* TEX. R. APP. P. 33.1(a). *See also Skinner v. State*, No. 01-14-00748-CR, 2016 Tex. App. LEXIS 5347, at *11 (Tex. App.—Houston [1st Dist.] May 19, 2016, no pet.) (mem. op., not designated for publication).

ANALYSIS

It is well established that the burdens of production and persuasion generally rest upon the movant in a motion to suppress. *State v. Robinson*, 334 S.W.3d 776, 782 (Tex. Crim. App. 2011) (Cochran, J. concurring). The burden is on the defendant to raise an exclusionary issue and to prove facts to support that assertion. *Pham v. State*, 175 S.W.3d 767, 774 (Tex. Crim. App. 2005).

Here, Appellant presents the following arguments in support of his argument that information in Officer Merritt's affidavit should not have been considered in issuing the search warrant: (1) one of the confidential informant's information was not credible or reliable; (2) that same confidential informant's information was not independently corroborated; (3) that same confidential informant's information was stale; and (4) the *four corners of the affidavit* in support of the warrant failed to establish a sufficient nexus between the evidence described in the search warrant and his motel room. (Emphasis added).

The foundation of Appellant's arguments is Officer Merritt's affidavit. Numerous times in his brief, he references the "four corners" of the affidavit. Yet, the affidavit does not appear in the appellate record.[2] It is not attached to Appellant's motion nor to his brief in support of his motion. Furthermore, it was never introduced into evidence or otherwise submitted to the trial court for consideration. The only references before this court to conduct a "four corners" review are excerpts contained in the brief in support of the motion to suppress, which may or may not be accurate. Because the affidavit is not contained in the appellate record for us to review its "four corners," we are unable to determine whether the magistrate erred in issuing the search warrant. Accordingly, Appellant is unable to sustain his burden to show trial court error in denying his motion to suppress. *See Gandy v. State*, 04-16-00509-CR, 2019 Tex. App. LEXIS 1010, at *7 (Tex. App.—San Antonio Feb. 13, 2019, no pet. h.) (mem. op., not designated for publication) (finding

---

[2] Generally, pleadings cannot be considered evidence unless they are admitted into evidence. *In re Campo*, No. 05-13-00477-CV, 2013 Tex. App. LEXIS 9312, at *3 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.).

appellant's burden was not met where affidavit in support of challenged search warrant was not contained in the appellate record). Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice

Do not publish.