WASHIE TAYLOR V. THE STATE.

No. 20531. Delivered November 1, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Graham Bruce* and *F. W. Hustmyre,* both of Orange, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an accomplice to robbery; the punishment assessed is confinement in the state penitentiary for a term of 25 years.

Appellant was indicted as an accomplice to Quenton Mc-Millian and Alfred Peabody, who were charged with having robbed C. V. Selman, the ticket agent for the Southern Pacific Railroad Company in Orange, Texas, on October 2, 1938. He challenges the sufficiency of the evidence to sustain his conviction.

The testimony adduced by the State shows that a short time

prior to the robbery, appellant purchased an old model, blue steel pistol from a dealer in sporting goods and firearms. This pistol was identified as the one used by McMillian in the commission of the robbery. At the time of their arrest, both McMillian and Peabody were in possession of pistols. The one carried by McMillian was identified by the second hand dealer by some repairs he had made thereon, as the one he had sold to the appellant. After the robbery, McMillian and Peabody hid out and while in hiding, appellant carried food to them. L. T. Delano testified that on the night of the commission of the alleged offense, he saw the appellant, McMillian and Peabody near the L. & R. Railroad and heard them planning to rob the depot. He testified that they stated that there was $3,000 cash coming in on the train. That the money was to be split between McMillian, Peabody, the defendant and the father of the witness. Other facts and circumstances were proved which corroborated Delano. Appellant did not testify or offer any affirmative defense. We deem the evidence sufficient to support the jury's conclusion of appellant's guilt.

Bills of exceptions numbers one and two relate to the same subject matter and will be considered together. Bill number one reflects that the district attorney asked the witness, Mr. Pachar, whether or not the Piggly Wiggly Store had been robbed, to which appellant objected on the ground that it showed a separate and distinct offense, not connected with the offense for which he was on trial. The court sustained the objection. The district attorney then asked the witness to relate the circumstances under which he saw the pearl handled pistol. The witness replied: "On the night I was robbed, September 24, 1938, it was held by Alfred Peabody." Appellant objected again and the court sustained the objection to the answer of the witness except to such part of it as showed that he saw the pistol in Peabody's hand. Bill number two shows that after Pachar had testified that he was manager of the Piggly Wiggly Store and that he had seen the pearl handled pistol in the hands of Peabody on the night the store was robbed (to which appellant had duly objected as shown by bill one), the district attorney asked the witness where he had seen a black pistol which he handed to the witness for his inspection. The witness replied: "On the same night; it was held by Quenton McMillian." Appellant interposed the same objections as he did to the questioning in bill number one. The objections were sustained in part but overruled insofar as the witness testified that the pistol was held by McMillian. While the court's ruling

was correct in each of these instances, improper evidence was gotten before the jury which should not have been offered.

Bill number three complains of the admission of testimony of the State's witness, Delano, that McMillian and Peabody robbed the A. B. C. Store. Appellant objected on the ground that it showed a separate and distinct offense, not connected with the offense for which he was on trial, and that the same was highly prejudicial. It is our opinion that appellant's contention is well-founded and should have been sustained. An accused should be tried on the merits of the particular case. Proof of extraneous crimes which do not tend to show intent, identity, system, etc., is not admissible if it only shows that the defendant is a criminal generally. See Branch's Ann. P. C., Sec. 166, p. 98 and authorities there cited.

It occurs to us that the testimony complained of in bills of exceptions numbers four and five relate to other robberies and tend to show that appellant received part of the loot of such robberies without showing that appellant was connected therewith or knew that the loot was obtained in a robbery. Even if he had known that such were true, we do not think this evidence is admissible in this case.

Bill of exception number nine shows that the district attorney, in his closing argument, said: "* * Attorneys for the defendant have talked a lot about L. T. Delano's lying about Washie Taylor to save his own skin. Gentlemen, the difference between them is this: Delano had a change of heart and elects to tell all; Washie says, 'I'll say nothing.''

The court sustained appellant's objection and instructed the jury not to consider the same for any purpose. The remark was a reference to appellant's failure to testify and hence we are constrained to reverse the case. See Branch's Ann. P. C. Sec. 375, p. 209 and authorities cited; Art. 710 C. C. P.; Thompson v. State, 19 S. W. (2d) 316. We forego a discussion of the argument complained of in bill number eight as the same will not occur again upon another trial.

For the errors hereinabove pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

The State contends that the argument reflected in bill of exception No. 9, and which is set out in the original opinion, should not be construed as a reference to the failure of the appellant to testify. In short, the State insists that in all the district attorney said he had reference only to the fact that, prior to the trial, appellant had said nothing and had made no explanation. In support of this contention the case of Weatherred v. State, 89 S. W. (2d) 212, is cited. We are unable to reach the conclusion that the language employed in the present case is substantially the same as that set forth in the opinion in Weatherred's Case. Delano testified as a witness for the State in the case at bar and when the district attorney stated to the jury that he elected to tell all it would seem that he necessarily referred to his testimony given upon the trial. Immediately following such declaration relative to the witness Delano, the district attorney said, in referring to appellant, "Washie says, 'I will say nothing." Looking to the argument in its entirety, we regard it as one whose necessary effect was a reference to appellant's failure to testify.

We remain of opinion that the court fell into error in permitting the State to introduce proof of extraneous offenses.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.