## MARTINEZ v. STATE.
### No. 20163.

Court of Criminal Appeals of Texas.
June 21, 1940.

Order Set Aside Oct. 23, 1940.

Ramon L. Longoria, of McAllen, and W. Kennedy Smith, of Raymondville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, and Rogers Kelley, Criminal Dist. Atty., and Tom L. Hartley, Asst. Co. and Dist. Atty., both of Edinburg, for the State.

HAWKINS, Presiding Judge.

The clerk of the Court of Criminal Appeals of Texas will stay the issuance of mandate in the above entitled and numbered cause until the appellant has opportunity to present an application for writ of certiorari to the Supreme Court of the United States, and in the event such writ should be granted, to further stay the issuance of mandate until the Supreme Court of the United States shall have determined the case.

### Order.

The judgment of conviction in this cause became final on the 22d day of May, 1940 when appellant's motion for rehearing was overruled. Thereafter on the 21st day of June, 1940 upon application of appellant's attorneys the clerk was directed to stay the issuance of the mandate to give appellant opportunity to take such steps as he deemed necessary to have the case reviewed by the Supreme Court of the United States.

It is now made known to the court upon motion of the State that since such stay order no effective effort has been made to seek such a review and that no request therefor is pending before the Supreme Court of the United States. By reason of these facts the order of the court staying the issuance of the mandate should be set aside and the mandate of this court should at once issue.

In reply to the State's motion attorney for appellant suggests that the reason efforts were suspended to have the judgment of this court reviewed by the Supreme Court of the United States was because of the refusal of appellant to sign the necessary papers. Counsel suggests that in his opinion the reason appellant so refused was because he had become insane since the trial. If the issue of present insanity should be raised this court has no jurisdiction to determine the question, but it must be determined by the trial court after its jurisdiction has been restored, which will occur upon receipt of the mandate of this court. Therefore, a further suspension of the issuance of the mandate is not deemed proper.

The court now directs that the order heretofore made on the 21st day of June, 1940 staying issuance of the mandate be set aside, and the Clerk of this court is ordered to issue mandate instanter.