**Aaron Evert JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37774.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied April 14, 1965.

O'Connor & Brister, Lubbock, on appeal only, for appellant.

Alton R. Griffin, Dist. Atty., William M. Laubach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for felonies less than capital, life.

The indictment alleged the theft of a Cadillac automobile of the value of more

than $50, from Gene Alderson on or about June 1, 1964.

The state relied upon circumstantial evidence to prove that appellant was a principal in the theft of the Cadillac.

The evidence reveals that a '62 Cadillac automobile of the value of over $50 was stolen from the lot of the Alderson Cadillac Company in Lubbock. Gene Alderson was a partner and general manager of the company. A 1964 Pontiac Tempest was stolen from Quinn Connelley Pontiac Company about the same time.

The Cadillac was found in the parking lot of an apartment house with license plates changed. Officers were assigned to watch it. The 1964 Pontiac was found in another similar parking space.

A request from "Evert Jones" for the issuance of Alabama license plates for a Cadillac and a Pontiac, which came from Lubbock, was reported to police and when appellant received the envelope containing the license plates at the Post Office in Lubbock he was followed as he left in a '57 Pontiac automobile driven by an unidentified man.

Hours later, Ernest Carl Lieske got out of the '57 Pontiac and into the Cadillac and drove it away, following said Pontiac. Officers pursued and stopped both cars. Appellant was driving the '57 Pontiac. In it were found a money order receipt for money sent to the licensing agency in Alabama; receipt from Western Union and, in an envelope addressed to Evert Jones, Alabama License Tags for the Cadillac and the 1964 Pontiac.

There was evidence that appellant had visited the Cadillac Company lot and expressed interest in buying the Cadillac a day or so before it disappeared.

The prior convictions alleged for enhancement purposes were proved as alleged.

Appellant's court appointed counsel on appeal concedes that none of the errors claimed were preserved by proper objection. He points to certain hearsay evidence concerning the policies of the State of Alabama in issuing license plates; evidence concerning how the thefts occurred; claimed errors in argument and comments by the court, to none of which objection was made.

It is also contended that the search of the automobile in which appellant was riding when arrested and the seizure of the Alabama license plates and registration receipts was unlawful and the evidence obtained thereby was inadmissible, and no objection was made.

The principal ground upon which reversal is sought is the incompetency or inadequacy of his representation by trial counsel, which it is contended reduced the trial to a farce and a mockery of justice.

█ Appellant was represented at his trial by counsel of his own choosing; a member of the State Bar of Texas practicing at Lubbock.

█ Whether his failures to object to inadmissible evidence were honest mistakes or were a part of trial strategy, there is an abundance of evidence aside from that pointed out as objectionable to sustain the jury's verdict. Nor do we agree that a timely objection to the court's remark or the remarks of counsel for the state in argument would have, under this record, warranted reversal.

As to the search of the 1957 Pontiac automobile, which resulted in the recovery of the Alabama license plates and receipts, it is contended that such search was unreasonable and unlawful and that the court committed fundamental error in admitting the fruits thereof. He cites Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The more recent case of Henry v. Mississippi, 85 S.Ct. 564 (1965) relates to the question of waiver of federal claim by failure to make timely objection to the admission of illegally seized evidence.

This Court has consistently held that in the absence of a timely objection, complaint as to the receipt of evidence on the ground

that it was illegally obtained is waived. Gonzales v. State, Tex.Cr.App., 379 S.W.2d 352; Tex.Dig., Criminal Law 1036(1)b and cases cited.

■ The Pontiac automobile searched did not belong to appellant or to McCullar but to Lieske who drove the Cadillac away. It was in possession of the officers and appellant was not present when it was searched. He was in no position to object to the admission of the fruits of the search. See Henley v. State, Tex.Cr.App., 387 S.W.2d 877.

The automobile searched was the automobile in which appellant left the Post Office with the mail the officers were expecting him to receive; the automobile the officers had had under surveillance for several hours before Lieske got out of it to drive the Cadillac; the same automobile which allowed the Cadillac to pass and interfered with the police officers' effort to stop it and the same automobile appellant was driving when it was stopped and appellant and his companion McCullar were arrested.

The Alabama license plates for the Cadillac were in an envelope in appellant's possession when he left the Post Office.

Policeman Garrett drove the Pontiac to the police station from the place where it was stopped and was present when Lt. Arnold took the envelope containing the Alabama license plates and registration receipts from underneath the front seat of the Pontiac. He testified that he parked the car, "walked in the station and walked back out."

"Q. How long were you in there, 10, 15, 20 minutes?

"A. No, sir. I went right in and somebody said they wanted it searched and I had the keys so I went right back out and we started to search.

\* \* \* \* \* \*

"Q. It was just a momentary thing when you went in there?

"A. Yes, sir. I went in and went back out. \* \* \*"

■ We express the view that under the record the search of the automobile was authorized as an incident to the arrest and on probable cause.

The judgment is affirmed.