**Ambrosio R. PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38182.**

Court of Criminal Appeals of Texas.

June 16, 1965.

Rehearing Denied Oct. 20, 1965.

Hope, Henderson & Hohman, by James E. Hope, San Antonio, for appellant.

James E. Barlow, Dist. Atty., M. C. Gonzales, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of heroin; the punishment, ten years.

Officer Scholl testified that while on the front porch of a house and about 2 or 3 steps from the door which was partly glass, he saw the appellant and Richard Rivera sitting on the floor in a room and Alicia Gonzales, a girl, was sitting on a couch; that the appellant had something three or four inches long in his hand and Rivera had a finger stall in his hand; and that he saw several objects on the glass portion of a picture frame which was on the floor and within reach of the appellant. At this time a dog began barking, and Rivera came out on the porch. When Rivera saw Scholl, he (Scholl) said "Police officers. We have a search warrant." Then Rivera "hollered something in Spanish" and tried to get back into the room but Scholl shoved him toward Officer Duecker. As Scholl entered the room he saw the appellant drop an eye dropper and a needle and run toward the bathroom, into which Officers Ortiz and Duecker pursued him. Alicia Gonzales jumped from the couch and ran toward the picture on the floor as if she were going to get the objects on it, and Scholl grabbed her. Officer Scholl further testified:

A: "I picked up everything that was right there in the immediate vicinity, either around the picture or on the picture."

Q: "All right. Now, what were those items, sir?"

A: "One was an eyedropper and a needle, and it had a liquid on it; one was a bottle top, and a spoon. There was a glass of water."

Q: "Of water?"

A: "About so tall (Indicating), half full of water and then there was an empty gelatin capsulebox; then there was another gelatin capsule box that had a finger stall on top, but part of the box was drawn open, the drawer section of the box, and it had a white powder and a razor blade inside of it."

Q: "What did you do with those items, sir?"

A: "I took possession of all of them"

Every object in the room, except the picture that was obtained by Scholl, was placed in one of three white envelopes, which were marked for identification, and

then the three envelopes were placed in a brown envelope which was sealed and marked for identification. Officer Scholl retained possession of the brown envelope, carried it to Austin, and personally delivered it to Mr. Tullis at the laboratory of the Texas Department of Public Safety.

Roland E. Tullis, chemist and toxicologist for the Department of Public Safety in Austin, testified that he received a package from Officer Scholl, a state narcotic agent, in Austin, which he exhibited and identified at the trial. He further testified that from a chemical analysis which he made of the items contained in the package he determined that:

"The white powder, which was in the finger stall, in exhibit number four, was forty-nine one-hundredth of a gram of powder, which was forty-five per cent heroin. The two capsules in exhibit number three contained eight one-hundredths grams of powder, which was 22.8 percent heroin. The bottle cap, which had in it a piece of cotton, in exhibit three, contained one and 92 hundredth milligrams of heroin. The liquid in the eyedropper contained sixty-eight one hundredth of a milligram of heroin * * *."

The testimony of Officers Ortiz and Kral was substantially the same as that of Officer Scholl.

The appellant did not testify but called several witnesses.

Antonia Stein testified that she rented the house in question and was in charge of it; that she worked from 2 p. m. until midnight and sometimes did not get home until 12:30 a. m.; that she did not know the appellant and first saw him when the officers arrested him at her house; that Richard Rivera and Alicia Gonzales occupied a room at her house.

Alicia Gonzales testified that while she was lying on the bed Richard Rivera was sitting on the floor with an eyedropper, needle, boxes, capsules, and powder on the top of a picture and was capping "some of this stuff" which she knew was heroin; that when the dog barked Rivera went outside and the officers entered the room, and she first saw the appellant when the officers brought him from the bathroom.

The appellant's sister testified that he left her house about 11 p. m. on the night in question, going by bus to a friend's home to spend the night. It was six or seven miles from the sister's home to the house in question, according to Officer Kral.

Appellant's sole contention for reversal is that the officers did not have a valid search warrant, therefore the entry and search of the house were illegal and the admission of the testimony showing the finding of the heroin therein was error.

■ If the search were illegal, the appellant should have urged a timely objection to the evidence showing the search and the results thereof. No objection was made during the testimony of Officer Scholl showing the entry, the search, and the finding of the heroin in the house. Hence no error is shown. 4 Tex.Jur.2d 704, Sec. 446; Jones v. State, Tex.Cr.App., 388 S.W. 2d 429. Further Alicia Gonzales, a witness called by the appellant, testified on cross-examination, without objection, that she knew that the "stuff" on top of the picture was heroin.

■ The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant directs attention to his motion to quash the search warrant made before trial and re-urged during the exami-

nation of the witness Manuel Ortiz upon whose affidavit it was issued. He urges that we were in error in holding that he waived his right to complain of the search by his failure to object to the testimony of Officer Scholl.

The basis of appellant's attack upon the search warrant is the contention that the affidavit upon which it issued is insufficient to support a finding of probable cause under the Supreme Court's holding in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

A similar contention was overruled in Ex Parte Gomez, Tex.Cr.App., 389 S.W.2d 308. Here, as there, the affidavit states that a credible and reliable person informed the affiant that he saw narcotic drugs on the premises. In the affidavit before us, the informant fixed the time he saw the narcotics as the same day the affidavit was made.

If before us, the contention that the affidavit for issuance of the search warrant is insufficient under Aguilar v. Texas, supra, is overruled.

Appellant's motion for rehearing is overruled.