William Carnye KEMP, Appellant,

v.

The STATE of Texas, Appellee.

No. 42298.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

On Rehearing March 3, 1971.

George R. Milner, Dallas, for appellant.

Henry Wade, Dist. Atty., Al Walvoord, Ron Walvoord, Ron Chapman, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is sodomy; the punishment, 15 years.

The indictment alleged that on or about May 21, 1967, appellant committed the act of sodomy by using his mouth on the sexual parts of the complaining witness, Williams, age 16, for the purpose of having carnal copulation.

As applied to the allegation of the indictment, Art. 524, V.A.P.C. is not unconstitutional. Pruett v. State, No. 43, 193, 463 S.W.2d 191, decided November 25, 1970.

The record reveals that two weeks prior to the date of the offense, Williams and a 14 year old companion, Neil, visited with appellant in appellant's home. Neil had known appellant for approximately two weeks, as he had mowed appellant's yard on several occasions. During the course of their visit, Williams and Neil were invited by appellant to play ping-pong and pool, and watch his color television. Appellant also furnished the boys with food and drinks. The two boys returned to appellant's home on the day of the offense, and after playing the above mentioned games, appellant showed them nudist magazines. Subsequently, appellant invited them into his bedroom where he displayed notebooks containing pictures of persons of both sexes engaged in various sexual acts. While in the bedroom, the appellant committed the act charged in the indictment.

At the hearing on punishment two prior convictions for a like offense, in the State of Louisiana, were proved.

The sufficiency of the evidence to sustain the conviction with the maximum punishment assessed is not questioned.

Appellant's first ground of error contends that the trial court erred in permitting the state to introduce into evidence pictures depicting offenses extraneous to that for which appellant was tried. The items referred to consisted of the following: (a) one picture of appellant committing the act of oral sodomy on the complaining witness; (b) one notebook containing obscene photographs which the complaining witness was looking at while appellant committed sodomy on him; (c) fourteen notebooks containing pictures of parties of both sexes engaged in various sexual acts; (d) five pictures of appellant committing sodomy on unidentified males; (e) one picture of two other males engaged in the act of sodomy.

The picture showing appellant committing sodomy on Williams was clearly admissible in the prosecution for the offense, as was the notebook Williams was looking at during the commission of the offense.

It is a general rule that the accused can only be convicted by evidence showing he is guilty of the offense charged. Thus, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. 23 Tex. Jur.2d 294, 295. This court has held that evidence of the commission of other crimes by the accused is admissible as an exception to the general rule to show plan or system;

to rebut some defensive theory and in cases such as sodomy, as evidencing the probability of the act charged and the unnatural attention toward the complaining witness, victim or accomplice. Johnston v. State, Tex.Cr.App., 418 S.W.2d 522. The pictures referred to were offered in evidence for the purpose of showing intent, scheme, design, identity and pattern of the commission of the offense. The trial court charged the jury that they could only consider such evidence for that limited purpose. Under the facts set forth in the record, this evidence was properly before the court. Johnston v. State, supra, is authority sustaining the court's ruling.

Appellant's second ground of error attacks the search made of appellant's home at the time of his arrest, and contends that the trial court erred in admitting into evidence the fruits of the search. It is appellant's contention that the affidavit upon which the warrant issued is insufficient to show probable cause upon which the warrant in question could issue, and that there was no showing that the act upon which probable cause was based occurred within a reasonable time prior to the making of the affidavit.

The affidavit upon which the search warrant issued reads:

"We, D. E. Bynum and J. M. Curtis, do solemnly swear that heretofore, on or about the 28th day of September A.D., 1967, in said County and State, One William C. Kemp and person or persons unknown did then and there unlawfully possess obscene articles and materials, to-wit: lewd, obscene and indecent photographs and materials and we have cause to believe and do believe that said obscene articles and materials are now concealed by William C. Kemp and person or persons unknown in a one story brick and frame house situated in Dallas County, Texas at 1426 Summertime Lane, City of Dallas, Dallas County, Texas which said William C. Kemp and

person or persons unknown occupies, possesses, controls and has charge of.

"MY BELIEF AS AFORESAID IS BASED ON THE FOLLOWING FACTS:

(A) We have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas,

(B) and further Officers have received information in the past twenty-four hours from an informant that he has been in the residence of William C. Kemp at 1426 Summertime Lane and has observed lewd and indecent pictures and photographs of men and boys in the act of sodomy by both oral copulation and anal copulation, of men and women in the act of intercourse and sodomy, of women committing sodomy on other women. Informant further states that Willian C. Kemp ———— lewd and indecent films which he shows to juveniles who come to his house and that he takes photographs of these boys in the nude and in the act of sodomy.

"WHEREFORE, (We) ask that a warrant to search for and seize the said obscene articles and materials be *forwith* issued in accordance with the law in such cases provided.

J. M. Curtis
D. E. Bynum

"Sworn to and subscribed before me by D. E. Bynum and J. M. Curtis on this the 28th day of September, A.D. 1967.

W. E. Richburg

Justice of the Peace, Precinct No. 7
Place 1, Dallas County, Texas."

As in Gaston v. State, Tex.Cr.App., 440 S.W.2d 297 (decided March 12, 1969) cert. denied, 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed. 2d 435, the affiants do not state that they rely entirely upon the informant's hearsay. They swear of their own knowledge that on or about the day the affidavit was

made that one William C. Kemp and person or persons unknown did then and there unlawfully possess obscene articles and materials, to-wit: lewd, obscene and indecent photographs and materials.

The facts which the affiants swore "we have cause to believe and do believe" were that the obscene articles and materials they swore appellant and persons unknown unlawfully possessed "are now concealed" by them at or in the house occupied by them (the house searched).

Affiants then state: "My *belief as aforesaid* is based on the following facts * * *."

The facts set out in the affidavit upon which the affiants based their belief that the obscene articles and materials "are now concealed" together with the portion of the affidavit wherein the affiants "swear of their own personal knowledge" that appellant and person or persons unknown unlawfully possessed such obscene articles and materials, satisfies the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, both as to the information being "credible and reliable" and that the facts upon which affiants based their belief was information that came from observation of the informant. Gaston v. State, supra; Johnson v. State, Tex.Cr. App., 440 S.W.2d 308; Nus v. State, Tex. Cr.App., 440 S.W.2d 310; Bivins v. State, Tex.Cr.App., 440 S.W.2d 312.

Testimony of Police Officer Bynum, one of the affiants, heard by the trial court in the jury's absence prior to the admission of the photographs including those of appellant engaged in the act of sodomy upon Williams, included the following:

Juvenile officers of the Dallas Police Department had received reports by telephone that "unusual occurrences" were taking place at the home of a white man of approximately 50 years of age, in the Singing Hills area of Dallas. The officers were unable to verify the address, nor were they able to obtain a positive identification of the suspect on the basis of the telephone conversations. On September 28, 1967, a boy who was under detention at the Dallas County Juvenile Department communicated to the officers the information which served as the basis of the affidavit for search warrant. The informant identified as Charles A. Evans, age 15, stated that he had been to appellant's home and had observed the obscene material described in the affidavit.

The statute in effect at the time the search warrant here in question was issued (Art. 527 P.C. as amended by Acts of the 57th Legislature, p. 1041, effective June 16, 1961) made it unlawful to knowingly possess any obscene book, photograph, pictures and other named materials, "or other article which is obscene."

Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, holding that the First and Fourteenth Amendments prohibited making mere possession of obscene material a crime, was decided April 7, 1969. Art. 527 as amended in 1961 was again amended by Acts 1969, effective June 10, 1969 (Art. 527 V.A.P.C.) omitting "mere possession" as an offense.

United States v. Hanon, 428 F.2d 101 (8th Cir.) is authority for our conclusion that the sufficiency of the affidavit to show probable cause for the search rests upon the situation existing at the time of the issuance of the search warrant, though the statute was subsequently declared unconstitutional. See also Ex parte Gomez, Tex.Cr.App., 389 S.W.2d 308, cert. denied, 386 U.S. 937, 87 S.Ct. 958, 17 L.Ed.2d 810; Perez v. State, Tex.Cr.App., 394 S.W.2d 797; also Gomez v. Beto (5th Cir.) 402 F.2d 766.

Appellant's third ground of error alleges that the trial court erred in charging that the state's witnesses Williams and Neil were accomplice witnesses, in that such instruction constituted a comment on the weight of the evidence. The court's charge instructed the jury that the witnesses Williams and Neil were accomplice witnesses

as a matter of law, and further instructed that the jury could not convict the appellant unless they believed the accomplice testimony to be true and showed appellant to be guilty of the offense as charged, and not then unless their testimony was corroborated.

The judgment is affirmed.

ONION, Judge (dissenting).

In Pruett v. State, 463 S.W.2d 191 (No. 43,193) this court in a unanimous opinion upheld the constitutionality of Article 524, V.A.P.C., under which this appellant is charged with the offense of sodomy, despite the opinion of the three judge federal court in Buchanan et al. v. Charles Batchelor, et al., 308 F.Supp. 729 (N.D. Tex.) to the contrary.[1] It is not upon this ground that I dissent to the affirmance of this case.

### Admission of Extraneous Offenses

In his first ground of error appellant contends the trial court erred in permitting the State to introduce into evidence pictures depicting offenses extraneous to that for which he was tried (State's Exhibits 3 through 22) seized in a search of his home some four months after the alleged offense.

"The general rule in all English speaking jurisdictions is that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions." Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836. See also 23 Tex.Jur.2d, Evidence, Sec. 194, p. 294. There are exceptions to the general rule.

In 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300, it is written:

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system, and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him. These exceptions to the general rule prohibiting evidence of other crimes are discussed in greater detail immediately hereinafter. It must be remembered, however, that even though evidence of another crime may be relevant to the instant proceeding, such evidence should not be admitted unless the commission of the other crime is clearly proved and the accused is shown to have been its perpetrator." See also Sumner v. State, 133 Tex.Cr. R. 501, 112 S.W.2d 453.

There are occasions though when the exceptions do not come into play.

Only recently in Hafti v. State, 416 S.W. 2d 824, this court, speaking through Judge Belcher, said:

"The rule appears to be consistent that if the testimony of the state leaves no question as to intent or identity of the defendant, proof of an independent crime is not admissible. Also, where there is positive testimony to support the state's case, proof of other independent offenses is not admissible. 1 Branch 2d 200, Sec. 188; 5 Branch 2d 31, Sec. 2601; 23 Tex.Jur.2d 306, Sec. 197; Story v. State, 107 Tex.Cr.R. 266, 296 S.W. 296; Taylor v. State, 138 Tex.Cr.R. 161, 134 S.W.2d 277; 42 A.L.R.2d 854."

"Furthermore, if the evidence presented by the state leaves no doubt as to the identity of the accused or his connection with the offense charged, evidence concerning his commission of other crimes is inad-

1. The decision of the three-judge court is not final. Direct appeal is pending in the Supreme Court of the United States in Cause No. 289, styled Henry Wade et al v. Alvin Leon Buchanan et al., Also, Cause No. 290 O.T. 1969, styled Buchanan and Strickland v. Wade, is still pending before the Supreme Court.

missible." 23 Tex.Jur.2d, Evidence, Sec. 197, p. 306. See also Chandler v. State, Tex.Cr.App., 417 S.W.2d 68; Kelley v. State, 79 Tex.Cr.R. 362, 185 S.W. 570, 80 Tex.Cr.R. 257, 190 S.W. 173; Cano v. State, 88 Tex.Cr.R. 271, 225 S.W. 1097; Story v. State, 107 Tex.Cr.R. 266, 296 S.W. 296; Ball v. State, 118 Tex.Cr.R. 579, 39 S.W.2d 619 (overruled on another point); Martinez v. State, 140 Tex.Cr.R. 159, 153 S.W.2d 721; Taylor v. State, 138 Tex.Cr.R. 161, 134 S.W.2d 277.

In the case at bar the complaining witness Williams clearly identified the appellant and described in detail the act of oral copulation which formed the basis of this prosecution. State's witness Neil, an eye witness to the act, also identified the appellant. The State also introduced a photograph showing the appellant committing the very act of sodomy on Williams with which he was charged as well as a notebook which Williams was examining during the act alleged.

The appellant did not testify nor offer any defense. There was positive proof of the State's case. No issue as to identity, intent, system, design, etc., was raised even by cross-examination or otherwise. There was no defensive theory to rebut, this was not a circumstantial evidence case, and the extraneous offenses were not a part of the res gestae. There was no evidence in the record that State's Exhibits 3 through 22 were at any time used or exhibited during the commission of the alleged offense or were even in existence at that time. Neither Williams nor Neil identified such exhibits.

Under these circumstances, I cannot agree that State's Exhibits 3 through 22 were admissible in evidence. Surely the mere plea of not guilty to the charge of sodomy under the first mode of Article 524, V.A.P.C., is not sufficient to authorize proof of extraneous offenses demonstrating that the accused is a criminal generally. Can it be said in view of the evidence offered such extraneous offenses, etc., were needed to demonstrate the probability of the act charged and the unnatural attention to the complaining witness? I think not.

The majority cites Johnston v. State, Tex.Cr.App., 418 S.W.2d 522, but there the defendant testified and offered the defense of being "framed" which clearly authorized the admission of extraneous transactions. And there was no photograph of the actual offense charged.

The court reversibly erred in admitting evidence of such extraneous offenses. For this reason I would reverse. There is more.

*The Validity of the Affidavit for the Issuance of the Search Warrant*

■ In his second ground of error appellant contends the trial court erred in admitting, over objection, the fruits of the search of appellant's home. This contention is based in part on the claim that the affidavit upon which the search warrant issued is insufficient to show probable cause.

The affidavit upon which the search warrant issued reads:

"We, D. E. Bynum and J. M. Curtis, do solemnly swear that heretofore, on or about the 28th day of September, A.D., 1967, in said County and State, One William C. Kemp and person or persons unknown did then and there unlawfully possess obscene articles and materials, to-wit: lewd, obscene and indecent photographs and materials and we have cause to believe and do believe that said obscene articles and materials are now concealed by William C. Kemp and person or persons unknown in a one story brick and frame house situated in Dallas County, Texas at 1426 Summertime Lane, City of Dallas, Dallas County, Texas which said William C. Kemp and person or persons unknown occupies, possesses, controls and has charge of.

"MY BELIEF AS FORESAID IS BASED ON THE FOLLOWING FACTS:

(A) We have been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas,

(B) and further Officers have received information in the past twenty-four hours from an informant that he has been in the residence of William C. Kemp at 1426 Summertime Lane and has observed lewd and indecent pictures and photographs of men and boys in the act of sodomy by both oral copulation and anal copulation, of men and women in the act of intercourse and sodomy, of women committing sodomy on other women. Informant further states that William C. Kemp_____lewd and indecent films which he shows to juveniles who come to his house and that he takes photographs of these boys in the nude and in the act of sodomy.

"WHEREFORE, (We) ask that a warrant to search for and seize the said obscene articles and materials be forwith issued in accordance with the law in such cases provided.

"J. M. Curtis
"D. E. Bynum
"Sworn to and subscribed before me by D. E. Bynum and J. M. Curtis on this the 28th day of September, A.D. 1967.

"Justice of the Peace, Precinct No. 7 Place 1, Dallas County, Texas."

A careful reading of such affidavit reveals that the alleged probable cause is based solely upon hearsay unaided by any independent corroboration or surveillance or personal knowledge of the affiants.

The majority seizes upon the first paragraph of the affidavit to indicate some personal knowledge on the part of the affiants citing Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, cert. den. 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435. I find nothing in the majority opinion in Gaston to indicate this is a similar case.[2] It is true that the affiants do not state they rely entirely upon an informant's hearsay, but it is also true they do not state the contrary. In fact, they swear "My belief as foresaid is based on the following facts." The facts which follow are clearly hearsay. To support the conclusion that the affiants had no personal knowledge one need only to look to the testimony of one of the affiants (Police Officer Bynum) set forth in the majority opinion.[3]

Since, in my opinion, the probable cause is based entirely upon hearsay, we must determine if the affidavit meets the two pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

2. If it be the majority's intent to rely upon this writer's concurring opinion then attention is directed to footnote #2 of this writer's concurring opinion in Ruiz v. State, 457 S.W.2d 894 (No. 42,439).

3. Officer Bynum, one of the affiants, testified, in the absence of the jury, on the issue of probable cause. He related that on September 28, 1967, a 15 year old with whom he was not previously acquainted and who was under detention at the Dallas County Juvenile Department as a "runaway and incorrigible corrigible" communicated to him the information which formed the basis of the affidavit for search warrant. There can, of course, be no reliance upon such testimony given at the time of the trial to support probable cause for the issuance of a search warrant by the magistrate. Such evidence was not (1) shown to have been given to the magistrate or (2) if it was, it was not shown to have been under oath, and (3) was not included in the affidavit for a search warrant. Fourth Amendment, United States Constitution; Article I, Sec. 9, Texas Constitution; Articles 18.01, 18.02 and 18.21, V.A.C.C.P.; Hall v. State, Tex. Cr.App., 394 S.W.2d 659; McLennan v. State, 109 Tex.Cr.R. 83, 3 S.W.2d 447; 100 A.L.R.2d 525, 531. See particularly concurring opinions in Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, 301 and Ruiz v. State, 457 S.W.2d 894 (No. 42,439).

The affidavit clearly fails to meet the latter half of the double barrelled requirement of Aguilar.

In Aguilar the Court wrote:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, [78 A.L.R.2d 233,] the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, *and* some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, [11 L.Ed.2d 887,] was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, supra, 357 U.S. at 486, 78 S.Ct. at 1250; [2 L.Ed.2d at 1509;] Johnson v. United States, supra, 333 U.S. at 14, 68 S.Ct. at 369, [92 L.Ed. at 440,] or, as in this case, by an unidentified informant." (emphasis supplied)

In the case at bar the affidavit states the affiants have been informed "by reliable, credible and trustworthy citizen of Dallas, County, Texas." The affiants did not attempt to support their claim that their informant was "reliable" by any underlying circumstances.

In Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, the affidavit stated the FBI had been "informed by a confidential reliable informant" without further description of the informant.

There the Court said:

"Though the affiant swore that his confidant was 'reliable,' he offered the magistrate no reason in support of this conclusion. Perhaps even more important is the fact that Aguilar's other test has not been satisfied. * * *"

For the reasons set forth in this writer's concurring opinion in Gaston v. State, Tex. Cr.App., 440 S.W.2d 297, the mere statement that the source of the hearsay was "reliable, credible," etc., offered no substantial basis for crediting the hearsay. See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. Since the second prong of the Aguilar test was not met, there is no need to consider whether the affidavit was sufficient to meet the first prong since both must be satisfied if probable cause is based entirely on hearsay. See also Ruiz v. State, 457 S.W.2d 894 (No. 42,439), concurring opinion, footnote No. 2. Thus, another reason is presented for reversal.

### Other Matters Relating to Search and Seizure

 It is further observed that the mere private possession of obscene photographs is no longer a crime. Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542. The statute in effect at the time of the search warrant in question was issued (Article 527, V.A.P.C., as amended 1961) was clearly unconstitutional in light of Stanley v. Georgia, supra, as to mere possession and the legislature quickly moved to amend the statute. See Article 527, V.A. P.C., as amended 1969.

In Ex parte Phelper, Tex.Cr.App., 442 S.W.2d 695, in holding that portion of Article 527, supra, under which Phelper was charged and convicted, unconstitutional, this court applied the holding of Stanley v. Georgia, supra, fully retroactive. Today the majority relies upon the 8th Circuit Court of Appeals' opinion in United States v. Hanon, 428 F.2d 101, to uphold the validity of the affidavit for the search warrant despite the unconstitutionality of the statute and the holding in Phelper. I do not agree.

The record also reflects the search in question took place some four months after the alleged offense. The officers had no knowledge of such offense until they found in the search a picture of the alleged offense. Upon further investigation and by use of the photograph they finally succeeded in discovering the identity of the complaining witness. If the search was invalid, then a question is presented whether the discovery of the offense and identity of the complaining witness were not the "fruits of the poisonous tree." Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307; Silverthorne Silvertone Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Santiago v. State, Tex.Cr. App., 444 S.W.2d 758. See also University of Pennsylvania Law Review 1136; "The Fruits of the Poisonous Tree Revisited and Shepardized," 56 Calif.Law Review 579.

The search being illegal, the court erred in admitting its fruits.

For the reasons stated, I would reverse and remand.

MORRISON, Judge (dissenting).

I join in that portion of my brother Onion's dissent in which he discusses the "admission of extraneous offenses." Since I am convinced that this case should be reversed for this reason, I need not reach the other issues discussed in his dissent.

OPINION

ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

On rehearing, we now hold that the trial court committed reversible error in admitting, over objection, the fruits of the search of appellant's home.

For the reasons set forth by Judge Onion (in his dissenting opinion),

in discussion of appellant's second ground of error, the motion for rehearing is granted. The affirmance is set aside.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

For the reasons set out in the original majority opinion by the then Presiding Judge Woodley, this conviction should be affirmed.

I respectfully dissent from the reversal of the conviction on the motion for rehearing.

ROBERTS, J., joins in this dissent.