Gordon BRUCE, Appellant,

v.

STATE of Texas, Appellee.

No. 13–85–316–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 12, 1985.

Heriberto Urby, Jr., Del Rio, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

This is an appeal from an aggravated robbery conviction for which the jury assessed punishment at 20 years' confinement in the Texas Department of Corrections. The appellant, in two grounds of error, complains of the admission into evidence of the circumstances of an extraneous offense committed by the appellant after the commission of the offense at bar.

In the case under appeal, the appellant was convicted of the December, 1981, robbery of a Handy Andy Supermarket in Del Rio, Texas. Delvin Bronson, grocery manager of the store, positively identified the appellant as the robber. Other store employees could not identify the robber because his face was covered by a ski mask when they saw him. Appellant's wife and children testified that appellant had been with them at the time of the robbery, thus raising the defense of alibi and putting the robber's identity in issue. In rebuttal, the State offered the testimony of a manager of another supermarket, who testified that, three months after the date of the offense at bar, his store was robbed by the appellant who was apprehended upon leaving the store.

The general rule is that an extraneous offense is not admissible because "an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally." *Kemp v. State*, 464 S.W.2d 141, 145 (Tex.Crim.App.1970). "An exception to the general rule that an accused may not be tried for a collateral crime is that evidence of an extraneous offense may be admissible to refute a defensive theory raised by the accused." *Dickey v. State*, 646 S.W.2d 232, 233 (Tex. Crim.App.1983); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972).

Upon offering evidence of the defense of alibi, appellant placed his identity in issue. "Once the issue of identity has been raised, evidence of an extraneous offense is admissible to prove identity only if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial." *Wintters v. State*, 616 S.W.2d 197, 200 (Tex.Crim.App.1981). The underlying theory of the admission into evidence of the extraneous offense is that, because the defendant committed one offense that has a number of characteristics of the crime at bar, it serves to prove that the defendant also committed the crime being tried.

Appellant argues that the extraneous offense and the offense for which he was on trial were so dissimilar as to render the extraneous offense inadmissible. Both the primary offense and the extraneous offense occurred within a three-month period; both involved grocery supermarkets that were located across the street from one another. The robber in both instances, a tall, thin older anglo man, concealed himself in the warehouse area of the grocery store until closing time and forced the manager at gunpoint to enter the office and open the safe. In both robberies, the robber forced all witnesses to lie face down on the floor after he had taken the money and was escaping. In both instances, the robber wore a full face mask: in the primary offense, a ski mask and in the extraneous offense, a stocking mask. In both instances, the robber threatened all parties present with being shot if they did not do as they were told. There was a similarity in weapons used.

■ We find sufficient similarities in the identity of the robbers, the method of commission of the two offenses as well as their proximity in time and place so as to permit the State to introduce the extraneous offense after appellant raised the defense of alibi. There are sufficient distinguishing characteristics shared by both offenses to allow the jury to consider the extraneous offense as evidence of the identity of the robber of the offense at bar. Appellant's

first and second grounds of error are overruled.

■ In his third ground of error, appellant complains of the adequacy of counsel in that he failed to properly object to the admission of the extraneous offense into evidence. However, we find that proper objection was made and was sufficient to preserve the error for review on appeal. Therefore, appellant's third ground of error is overruled.

■ Although not raised by point of error, we have carefully reviewed the evidence and find it sufficient to support the conviction.

The judgment of the trial court is AFFIRMED.